JAMES RAYMOND, RELATOR, v. MUNICIPAL EMPLOYEES PENSION COMMISSION OF NEWARK ET AL., RESPONDENTS.

Submitted October 7, 1942—Decided November 18, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the relator, *Andrew B. Crummy*.

For the respondents, *Thomas M. Kane*.

The opinion of the court was delivered by

PARKER, J. The dispute relates to the rights and obligations of relator, as a participant in the above named pension fund. He became a city employee in 1928, and applied for admission to the fund, but was held ineligible, and so there were no deductions from his pay on pension account for over thirteen years. In November, 1941, it was decided that he was eligible, and he was registered accordingly. The question then was, what was to be done about the missing payments for the thirteen years and several months. The Commission decided that they were to be collected, with interest, by semi-monthly installments in addition to the current installments. The result is a deduction from his pay of $5 twice a month, or $2.88 in addition to "current." Of this, $2.12 is on principal account, and seventy-six cents interest. The command of the alternative writ is to cease collecting

more than the "current" deduction, and to pay back any excess already collected.

There is considerable irregularity about the record, as we have not only the alternative writ and return, but also a petition and affidavit, and a stipulation: but inasmuch as all parties wish a decision on the merits as above outlined, we proceed to dispose of the case on that basis. In our opinion, relator, to be entitled to full pension rights based on service since 1928, should pay up the arrears by equitable installments; and the additional $2.12 twice a month seems reasonable enough. The fund is entitled to retain what has been collected on that account, and to have $2.12 additional to "current" reserved as at present. But with respect to interest on deductions not made over the thirteen year period, we think the fund is not entitled to it, as relator was never legally in default respecting those deductions. He may properly be considered as having tendered the periodic payments, or to put it in another way, it may be considered that tender was waived. On either basis he will not be accountable for interest.

The judgment will be that the Commission return so much of the moneys received as represents interest, and that it is entitled to collect $2.12 twice each month on account of the back payments previously refused.